# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# ORANGEBURG DIVISION

| | |
|---|---|
| Robert John Polfliet and Masato Kimiki, )<br>)<br>Plaintiffs, )<br>v. )<br>)<br>Leon Rodriguez, Director, U.S. Citizenship )<br>& Immigration Services and Loretta Lynch, )<br>Attorney General of the United States,[1] )<br>)<br>Defendants. )<br>_____ ) | Civil Action No.: 5:16-cv-03358-JMC<br><br><br><br>**ORDER AND OPINION** |

Plaintiffs Robert John Polfliet and Masato Kimiki (together "Plaintiffs") filed the instant action against Defendants Leon Rodriguez, Director of the United States Citizenship and Immigration Services[2] ("USCIS"), and Loretta Lynch, Attorney General of the United States, (together "Defendants") seeking to have the court set aside the USCIS's decision to revoke Kimiki's visa petition pursuant to the Adam Walsh Child Protection and Safety Act of 2006 (the "Adam Walsh Act"), 42 U.S.C. §§ 16901-16997. (ECF No. 1.)

This matter is before the court on Defendants' Motion to Dismiss pursuant to Rules[3] 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure (ECF No. 6). Plaintiffs oppose Defendants' Motion to Dismiss asserting that "the [c]ourt should deny this motion, order the

---

[1] Pursuant to Federal Rule of Civil Procedure 25(d), James McCament is substituted for Leon Rodriguez as named Defendant because McCament is the Acting Director of the United States Citizenship and Immigration Services. USCIS, https://www.uscis.gov/about-us/leadership/james-mccament-acting-director-us-citizenship-and-immigration-services (last visited Sept. 28, 2017). Additionally, pursuant to Rule 25(d), Jeff Sessions is substituted for Loretta Lynch because he was sworn in as the 84th Attorney General of the United States on February 9, 2017. DOJ, https://www.justice.gov/ag/staff-profile/meet-attorney-general (last visited Sept. 28, 2017).
[2] USCIS "is a component of the United States Department of Homeland Security (DHS)." USCIS, https://en.wikipedia.org/wiki/United_States_Citizenship_and_Immigration_ Services (last visited Sept. 27, 2017).
[3] The court observes that from this point forward, "Rule" refers to the Federal Rules of Civil Procedure.

1

government to file the certified administrative record, and set a briefing schedule." (ECF No. 11 at 1.) For the reasons set forth below, the court **GRANTS** Defendants' Motion to Dismiss pursuant to Rule 12(b)(1) and **DENIES AS MOOT** Defendants' Motion to Dismiss pursuant to Rule 12(b)(6).

## I. RELEVANT BACKGROUND TO PENDING MOTION

Polfliet is a United States citizen residing in Orangeburg, South Carolina. (ECF No. 1 at 2 ¶ 1.) Kimiki is Polfliet's stepson and a Japanese national and citizen. (Id. ¶ 2.) Plaintiffs allege that Polfliet as a member of the United States Air Force "was stationed in Japan in the late 1990s and early 2000s." (ECF No. 1 at 3 ¶ 8.) While in Japan, Polfliet allegedly met and eventually married Kimiki's biological mother, also a Japanese national and citizen. (Id. ¶¶ 9, 12.) Plaintiffs further allege that at some unspecified time before 2006, Polfliet was "convicted by a general court-martial before a military judge sitting alone of various crimes, including 18 U.S.C. § 2252A for possession of child pornography." (ECF No. 1 at 3 ¶ 10.)

After 2006 and pursuant to the Immigration and Nationality Act (the "INA"),[4] 8 U.S.C. §§ 1101–07, 1151–1381, 1401–1504, 1521–1525 & 1531–1537, Plaintiffs allege that Polfliet submitted a Form I-130, Petition for Alien Relative to the USCIS for purposes of obtaining an immigrant visa as to his wife.[5] (ECF No. 1 at 3 ¶ 14.) The USCIS approved Polfliet's petition

---

[4] Authority to administer the INA has been delegated to the United States Department of Homeland Security ("DHS") and sub-delegated to the USCIS. 8 U.S.C. § 1103(a)(1); 8 C.F.R. § 2.1.

[5] The INA's system for immigrant visas is effectively described as follows:

> The Immigration and Nationality Act ("INA") permits a United States citizen to petition for a visa on behalf of a foreign-national spouse or child by filing Form I–130 with the USCIS. 8 U.S.C. § 1154(a); see 8 C.F.R. § 204.1(a)(1). The Attorney General or her designee is then required to investigate the petition. 8 U.S.C. § 1154(b). If the facts stated in the petition are true and the beneficiary is eligible for preference status, "the Attorney General shall . . . approve the petition." Id. Once the petition is approved, the foreign-national beneficiary can

for his wife. (Id.) Thereafter, Kimiki allegedly moved to the United States in approximately 2008. (Id. ¶ 15.) On June 18, 2012, the USCIS allegedly approved a Form I-130, Petition for Alien Relative as to Kimiki. (Id. at 4 ¶ 16.)

On November 18, 2013, Plaintiffs allege that they received a notice conveying the USCIS's intent to revoke Kimiki's immigrant visa pursuant to the Adam Walsh Act. (Id. ¶ 19; see also ECF No. 6-2 at 2.) Plaintiffs further allege that Polfliet responded to the notice of revocation, but the USCIS nevertheless revoked Kimiki's status on September 2, 2015, finding that Polfliet was ineligible to file a visa petition under the INA because of his child pornography conviction. (ECF Nos. 1 at 4 ¶¶ 21–22 & 6-2 at 2–3.) As part of its findings in accordance with the Adam Walsh Act, the USCIS observed that Polfliet's "evidence does not demonstrate that you pose no risk to the safety and well-being of your beneficiary or beneficiaries." (ECF No. 6-2

---

apply for permanent-resident status. See 8 C.F.R. § 245.2. The petitioner and beneficiary bear the burden of proving their eligibility under the INA. 8 U.S.C. § 1361.

In 2006, Congress passed the Adam Walsh Act "[t]o protect the public from sex offenders and offenders against children." Pub. L. No. 109–248, § 102, 120 Stat. 587, 590 (2006). Among other reforms, the Adam Walsh Act amended the INA to prohibit a citizen from filing a Form I–130 visa petition for an alien if he or she has been convicted of a specified offense against a minor, unless the Secretary of Homeland Security, in the Secretary's sole and unreviewable discretion, determines that the citizen poses no risk to the alien . . . . 8 U.S.C. § 1154(a)(1)(A)(viii)(I).

The term "specified offense against a minor" includes "conduct that by its nature is a sex offense against a minor." 42 U.S.C. § 16911(7)(I). The Secretary has delegated to the USCIS the discretion to determine whether the petitioner "poses no risk" to the beneficiary. Dep't of Homeland Sec. Delegation No. 0150.1(II)(H) (June 5, 2003); see 8 C.F.R. § 2.1. Even if none of the intended beneficiaries is a child, the USCIS has interpreted the Adam Walsh Act to require that the petitioner "prove, beyond any reasonable doubt, that he or she poses no risk to the intended adult beneficiary."

Bremer v. Johnson, 834 F.3d 925, 927 (8th Cir. 2016).

3

at 6.) On July 18, 2016, the Board of Immigration Appeals affirmed the USCIS's revocation of Kimiki's visa. (ECF Nos. 1 at 4 ¶¶ 23–24 & 6-3 at 3.)

As a result of the foregoing, Plaintiffs filed an action in this court on October 11, 2016, alleging that application of the Adam Walsh Act to Kimiki's immigrant visa was arbitrary and capricious ("Count One") under the Administrative Procedures Act ("APA"), 5 U.S.C. §§ 701-706,[6] improperly retroactive ("Count Four") and violated Plaintiffs' procedural due process rights ("Counts Two and Three") protected by the Fifth Amendment to the United States Constitution. (ECF No. 1 at 4 ¶ 25–7 ¶ 54.) Additionally, Plaintiffs allege that they are entitled to an award of attorney's fees ("Count Five") pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. (Id. at 7 ¶¶ 55–59.) On January 13, 2017, Defendants filed the instant Motion to Dismiss. (ECF No. 11.) The parties then proceeded to respond, reply, and file supplemental authorities for the court's review. (ECF Nos. 11, 14, 16, 19 & 20.)

## II. JURISDICTION

This court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331, as a federal question under the APA is presented. (ECF No. 1 at 4 ¶ 25–5 ¶ 37.) Additionally, Plaintiffs demonstrate the court's jurisdiction through their allegations of a deprivation of their Fifth Amendment right to procedural due process. (ECF No. 1 at 6 ¶¶ 43–47.)

## III. LEGAL STANDARD

A. <u>Motions to Dismiss Pursuant to Rule 12(b)(1) for Lack of Subject Matter Jurisdiction</u>

Article III of the Constitution limits the jurisdiction of the federal courts to the

---

[6] The APA provides a mechanism for judicial review of executive action by waiving sovereign immunity in cases in which plaintiffs sue the United States for relief other than money damages. 5 U.S.C. § 702. The scope of this waiver, however, is not unlimited. Rather, the APA limits review to "[a]gency action made reviewable by statute and final agency action for which there is no other adequate remedy in a court." Id. at § 704. Thus, if a statute precludes judicial review or the "agency action is committed to agency discretion by law," the court cannot review it. Id. at § 701(a).

consideration of "cases" and "controversies." U.S. Const. art. III, § 2. "Federal courts are courts of limited subject matter jurisdiction, and as such there is no presumption that the court has jurisdiction." Pinkley, Inc. v. City of Fredrick, Md., 191 F.3d 394, 399 (4th Cir. 1999). A Rule 12(b)(1) motion for lack of subject matter jurisdiction raises the fundamental question of whether a court has jurisdiction to adjudicate the matter before it. Fed. R. Civ. P. 12(b)(1). In determining whether jurisdiction exists, the court is to "regard the pleadings' allegations as mere evidence on the issue, and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment." Richmond, Fredericksburg & Potomac R.R. Co. v. United States, 945 F.2d 765, 768 (4th Cir. 1991) (citing Adams v. Bain, 697 F.2d 1213, 1219 (4th Cir. 1982)). "The moving party should prevail only if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law." Id. (citation omitted). The plaintiff bears the burden of proof on questions of subject matter jurisdiction. See Evans v. B.F. Perkins Co., 166 F.3d 642, 647 (4th Cir. 1999).

B.  Motions to Dismiss Pursuant to Rule 12(b)(6) for Failure to State a Claim

A motion to dismiss pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted "challenges the legal sufficiency of a complaint." Francis v. Giacomelli, 588 F.3d 186, 192 (4th Cir. 2009) (citations omitted); see also Republican Party of N.C. v. Martin, 980 F.2d 943, 952 (4th Cir. 1992) ("A motion to dismiss under Rule 12(b)(6) . . . does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses."). "In considering a 12(b)(6) challenge to the sufficiency of a complaint, this Rule must be applied in conjunction with the liberal pleading standard set forth in Federal Rule of Civil Procedure 8(a)." Jenkins v. Fed. Bureau of Prisons, C/A No. 3:10-1968-CMC-JRM, 2011 WL 4482074, at *2 (D.S.C. Sept. 26, 2011). Rule 8(a) provides that to be legally sufficient, a

pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

A motion to dismiss pursuant to Rule 12(b)(6) for failure to state a claim should not be granted unless it appears certain that the plaintiff can prove no set of facts that would support her claim and would entitle her to relief. Mylan Labs., Inc. v. Matkari, 7 F.3d 1130, 1134 (4th Cir. 1993). When considering a motion to dismiss, the court should accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff. Ostrzenski v. Seigel, 177 F.3d 245, 251 (4th Cir. 1999); Mylan Labs., Inc., 7 F.3d at 1134. "In so doing, a court may consider documents attached to the complaint or the motion to dismiss 'so long as they are integral to the complaint and authentic.'" Kensington Volunteer Fire Dep't, Inc. v. Montgomery Cty., Md., 684 F.3d 462, 467 (4th Cir. 2012) (quoting Philips v. Pitt Cty. Mem'l Hosp., 572 F.3d 176, 180 (4th Cir. 2009)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

## IV. ANALYSIS

A. The Parties' Arguments

*1. Defendants*

Defendants move the court to dismiss the Complaint pursuant to either Rule 12(b)(1) or 12(b)(6). (ECF No. 6 at 1.) First, Defendants argue that they are entitled to dismissal of Counts One and Four because the court lacks jurisdiction to consider these claims. Specifically, Defendants assert that the court is barred from reviewing their decision "because both USCIS's

6

decision to revoke the petition under 8 U.S.C. § 1155,[7] and its 'no risk' determination under 8 U.S.C. § 1154,[8] are discretionary agency decisions specifically exempted from judicial review by that statutory provision." (ECF No. 6 at 7–8 (citing 8 U.S.C. § 1252(a)(2)(B)(ii)[9]).) In this regard, Defendants assert that "all claims in Plaintiffs' Complaint that challenge USCIS's discretionary 'no risk' determination and consequent denial of the I-130 fall within the scope of § 1252(a)(2)(B)'s bar on judicial review." (Id. at 12 (citing, e.g., 8 U.S.C. § 1154(a)(1)(A)(viii); Gao v. Holder, 595 F.3d 549, 557 (4th Cir. 2010)).)

Defendants also move the court to dismiss the Complaint pursuant to Rule 12(b)(6). (ECF No. 6 at 17.) First, Defendants assert that Plaintiffs' allegations–"(1) the Adam Walsh Act does not apply to convictions in general courts-martial before a military judge sitting alone, (2) Defendants' decisions are contrary to Polfliet and Kimiki's constitutional rights, (3) Defendants' decisions are in excess of statutory jurisdiction, (4) 'Defendants' decisions ignore important facts,' (5) Defendants' decisions did not follow procedures required by law, and (6) 'Defendants' decisions violate the Administrative Procedure Act for various other reasons.'"–do not establish that the USCIS's decision regarding Kimiki's immigration visa was arbitrary and capricious. (ECF No. 6 at 17 (citing ECF No. 1 at 4 ¶ 25–5 ¶ 37).) Defendants next assert that they are

---

[7] Section 1155 provides that "[t]he Secretary of Homeland Security may, at any time, for what he deems to be good and sufficient cause, revoke the approval of any petition approved by him under section 1154 of this title." 8 U.S.C. § 1155. "Such revocation shall be effective as of the date of approval of any such petition." Id.
[8] Under 8 U.S.C. § 1154(a)(1)(A)(viii)(I), "[c]lause (i) [allowing a citizen to file an immigrant status petition] shall not apply to a citizen of the United States who has been convicted of a specified offense against a minor, unless the Secretary of Homeland Security, in the Secretary's sole and unreviewable discretion, determines that the citizen poses no risk to the alien with respect to whom a petition described in clause (i) is filed.
[9] Section 1252(a)(2)(B)(ii) states in relevant part that "no court shall have jurisdiction to review – . . . any other decision or action of the Attorney General or the Secretary of Homeland Security the authority for which is specified under this subchapter to be in the discretion of the Attorney General or the Secretary of Homeland Security, other than the granting of relief under section 1158(a) of this title." 8 U.S.C. § 1252(a)(2)(B)(ii).

entitled to dismissal of Counts Two and Three alleging violation of procedural due process on the basis that Plaintiffs are unable to demonstrate that they have "a liberty or property interest in an approved Family Visa petition." (Id. at 20, 21 (citing, e.g., Town of Castle Rock v. Gonzales, 545 U.S. 748, 756 (2005) ("[A] benefit is not a protected entitlement if government officials may grant or deny it in their discretion.")).) As to Plaintiffs' fourth cause of action for improper retroactivity, Defendants assert that it is an impermissible claim "because 8 U.S.C. § 1154 specifically allows USCIS to revoke an approval of a visa petition under 8 U.S.C. § 1154 'at any time,' for what the agency 'deems to be good and sufficient cause,' id., the statute permits no claim of impermissibly retroactive revocation separate and apart from a proscribed attack on the unreviewable decision itself." (ECF No. 6 at 21–22.) Finally, Defendants assert that Plaintiff's fifth claim seeking attorney's fees under the EAJA is premature because "it depends upon Plaintiffs prevailing in this litigation and on a timely application made thereafter." (ECF No. 6 at 22 n.9 (citing 28 U.S.C. § 2412(d)(1)(A), (B)).) Therefore, Defendants request that the court dismiss Plaintiffs' Complaint for failure to state a claim. (Id. at 22.)

   *2. Plaintiffs*

Plaintiffs oppose Defendants' Motion to Dismiss arguing that "the [c]ourt has jurisdiction to review revocation decisions under section 1155 because [neither] section 1155 [][nor its implementing regulations] specify that visa revocations are in the discretion of the Attorney General." (ECF No. 11 at 1 (citing id.), 4 (citing 8 C.F.R. §§ 205.1, 205.2).) Thus, Plaintiffs assert that the court "has jurisdiction to review USCIS's revocation of the Polfliet's petition on behalf of Kimiki." (Id. at 4.)

Plaintiffs next assert that section 1252(a)(2)(B)(ii) does not preclude review of their claims because they are in no way challenging the "no risk" determination and thus Defendants'

8

arguments as to this issue are without merit. (ECF No. 11 at 5, 7.) In this regard, Plaintiffs assert that the true dispute is "whether USCIS's determination that section 1154(a)(1)[(A)](viii) applies to Polfliet and Kimiki violates the Administrative Procedure Act, the United States Constitution, or the rule against prejudicial retroactive application of a new agency rule." (ECF No. 11 at 6 (citing ECF No. 1 at 4 ¶ 25–7 ¶ 54).)

In response to Defendants' Rule 12(b)(6) Motion, Plaintiffs argue that the Motion as to Count One is premature "because this [c]ourt cannot fully adjudicate these claims without reviewing the certified administrative record underlying the government's decision." (ECF No. 11 at 8.) Plaintiffs next argue that the court should not dismiss Counts Two and Three because the United States Supreme Court has rejected Defendants' contention that no due process interest exists when the government has discretion to revoke a benefit. (Id. at 11 (citing Cleveland Bd. of Educ. v. Loudermill, 470 U.S. 532, 541 (1985)).) Finally, Plaintiffs contend that they have properly alleged a claim for improper retroactivity since their allegations demonstrate that Kimiki's visa was revoked based on Defendants' application of a new rule–section 1154(a)(1)(A)(viii)–"to convictions that occurred before its enactment." (ECF No. 11 at 12.) Therefore, Plaintiffs request that the court "deny the government's motion to dismiss, order the government to file the administrative record, and set a briefing schedule."[10] (Id.)

B.  The Court's Review

The court observes that Defendants filed a Notice of Supplemental Authorities (ECF No. 16) in which they asserted that the United States Court of Appeals for the Fourth Circuit had issued a published decision on March 8, 2017, that was controlling on this matter. In Roland v. U.S. Citizenship & Immigration Servs., 850 F.3d 625, 628 (4th Cir. 2017), the Fourth Circuit

---

[10] Plaintiffs do not appear to dispute that Count Five's request for attorney's fees under the EAJA is premature. As a result of the court's below-stated findings, Defendants are entitled to dismissal of Count Five pursuant to Rule 12(b)(1).

9

provided the following observations:

> The Immigration and Nationality Act ("INA") allows citizens via Form I-130 to petition for immediate relative status on behalf of their alien spouses so that the alien spouses may immigrate to the United States. See 8 U.S.C. § 1154(a)(1)(A)(i). The term "immediate relatives" includes the "children, spouses, and parents of a citizen of the United States." § 1151(b)(2)(A)(i). Petitioners bear the burden of proving eligibility. See § 1361. In 2006, Congress passed the A[dam] W[alsh] A[ct], which precludes citizens from petitioning for immediate relative status if they were convicted of a "specified offense against a minor." § 1154(a)(1)(A)(viii)(I). An offense against a minor is broadly defined, and includes "[a]ny conduct that by its nature is a sex offense against a minor." 42 U.S.C. § 16911(7). The only exception to that prohibition is if the USCIS, in its "sole and unreviewable discretion," determines that the petitioning citizen proves beyond a reasonable doubt that he or she poses "no risk" to the alien spouse's safety and well-being. 8 U.S.C. § 1154(a)(1)(A)(viii)(I) (emphasis supplied); see U.S. Dep't of Homeland Sec., No. HQDOMO 70/1-P, Guidance for Adjudication of Family Based Petitions (Feb. 8, 2007).
>
> The statute upon which jurisdiction hinges in this case is 8 U.S.C. § 1252. Section 1252(a)(2)(B)(ii) states, "no court shall have jurisdiction to review" certain discretionary actions or decisions by the Secretary. As delegated to it by the Secretary, the USCIS has "sole and unreviewable discretion" to determine whether a petitioner poses no risk, meaning courts lack jurisdiction to review that discretionary decision. § 1154(a)(1)(A)(viii)(I). Section 1252(a)(2)(D) does permit judicial review of constitutional claims or legal questions, but only when "raised upon a petition for review filed with an appropriate court of appeals" during removal proceedings. Lee, 592 F.3d at 620 (4th Cir. 2010) (quoting 8 U.S.C. § 1252(a)(2)(D)). Absent ambiguity, "our analysis begins and ends with the statute's plain language." Ignacio v. United States, 674 F.3d 252, 257 (4th Cir. 2012). A plain reading of the statute at issue here and our precedent forecloses judicial review in this case. It is clear that the USCIS has "sole and unreviewable discretion" to determine whether a petitioner poses no risk. 8 U.S.C. § 1154(a)(1)(A)(viii)(I). Section 1154 thus specifically deems the no-risk determination as discretionary. Pursuant to 8 U.S.C. § 1252(a)(2)(B)(ii), "no court shall have jurisdiction to review" certain discretionary decisions made by the USCIS, which here includes the no-risk determination. Therefore, the district court lacked jurisdiction to review that determination.

Roland, 850 F.3d at 629. Plaintiffs disagree that Roland is controlling. Plaintiffs assert that Roland is inapplicable because they are challenging "USCIS's arbitrary application of section 1154(a)(1)[(A)](viii), not USCIS's separate and subsequent no-risk determination." (ECF No. 19 at 2.)

According to section 1155, "[t]he Secretary of Homeland Security [and by sub-delegation the Director of the USCIS] may, at any time, for what he deems to be good and sufficient cause, revoke the approval of any petition approved by him under section 1154 of this title." 8 U.S.C. § 1155. Moreover, under section 1252(a)(2)(B)(ii), the court is statutorily prohibited from reviewing discretionary decisions by the Attorney General or the Director of the USCIS. 8 U.S.C. § 1252(a)(2)(B)(ii); see also 5 U.S.C. § 701(a)(2) (prohibiting judicial review when "agency action is committed to agency discretion by law"). In this matter, Plaintiffs attempt to circumvent the aforementioned prohibition on court review asserting that their claims regarding the USCIS's decision to approve and then revoke Kimiki's immigration visa are not a challenge to the USCIS's exercise of discretion.

Upon review, it appears that the Fourth Circuit did not in Roland nor has it in any other opinion addressed whether the revocation of a previously approved immigration visa is a discretionary decision that a district court lacks jurisdiction to review. However, "seven other Circuit courts have held that the language of § 1155 'plainly signifies [that a decision to revoke an immigrant visa is] a discretionary decision.'" Magalhaes v. Napolitano, 941 F. Supp. 2d 150, 152 (D. Mass. 2013) (citing El–Khader v. Monica, 366 F.3d 562, 567 (7th Cir. 2004) ("[T]he discretionary nature of the decision is apparent from the plain language of the statute."); Mehanna v. U.S. Citizenship & Immigration Servs., 677 F.3d 312, 313 (6th Cir. 2012) ("We now join the majority of our sister circuits and hold that the Secretary's decision to revoke a visa petition under section 1155 is an act of discretion that Congress has removed from our review."); Green v. Napolitano, 627 F.3d 1341, 1346 (10th Cir. 2010) ("In sum, the decision to revoke an immigrant visa under § 1155 is an act of discretion that Congress has withheld from federal court review."); Abdelwahab v. Frazier, 578 F.3d 817, 821 (8th Cir. 2009); Sands v. U.S. Dep't of

Homeland Sec., 308 F. App'x 418, 419–20 (11th Cir. 2009); Ghanem v. Upchurch, 481 F.3d 222, 224 (5th Cir. 2007) ("The statutory language indicates that the decision is left to the discretion of the Secretary."); Jilin Pharm. USA, Inc. v. Chertoff, 447 F.3d 196, 206 (3d Cir. 2006) ("The jurisdiction granted by 28 U.S.C. §§ 1331 & 2201 and 5 U.S.C. § 702 to review constitutional questions is immediately precluded by the opening words of 8 U.S.C. § 1252(a)(2)(B), which states that '[n]otwithstanding any other provision of law, . . . no court shall have jurisdiction to review . . . decision [s] . . . specified in this subchapter to be in the discretion of the . . . Attorney General or the Secretary of Homeland Security.'") (external citation omitted)). Considering the aforementioned decisions in conjunction with its findings in Roland, the Fourth Circuit would most likely agree that the revocation of an immigrant visa under the circumstances presented in this matter is a purely discretionary decision. Therefore, despite Plaintiffs' arguments to the contrary, the court finds that it lacks jurisdiction to review the USCIS's decision to revoke Kimiki's immigrant visa and, as a result, Defendants are entitled to dismissal of Counts One and Four pursuant to Rule 12(b)(1).

As to Counts Two and Three alleging violation of procedural due process, the court observes that section 1252(a)(2)(D) states without qualification that "constitutional claims or questions of law" are to be "raised upon a petition for review filed with an appropriate court of appeals." 8 U.S.C. § 1252(a)(2)(D); see also Lee v. U.S. Citizenship & Immigration Servs., 592 F.3d 612, 620 (4th Cir. 2010) ("Even if we assume Lee's challenge raises a reviewable question of law, § 1252(a)(2)(D) does not give Lee a jurisdictional bootstrap into district court. The express language of the statute requires Lee to raise any constitutional or legal questions "upon a petition for review filed with an appropriate court of appeals.") (citing 8 U.S.C. § 1252(a)(2)(D)). Consequently, it appears that the aforementioned statutory law requires

Plaintiffs to raise their procedural due process claims in the Fourth Circuit in accordance with section 1252(a)(2)(D), and, therefore, this court does not have jurisdiction to review these due process claims.

## V. CONCLUSION

For the reasons set forth above, the court hereby **GRANTS** Defendants' Motion to Dismiss pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure and **DISMISSES** the Complaint with prejudice.[11] (ECF No. 6.) Because the court lacks subject matter jurisdiction, the court **DENIES AS MOOT** Defendants' Motion to Dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

**IT IS SO ORDERED.**

*J. Michelle Childs*
United States District Judge

September 28, 2017
Columbia, South Carolina

---

[11] Generally, when a court grants a party's Rule 12(b)(1) motion to dismiss, the decision does not constitute a judgment on the merits, and is therefore without claim preclusive or res judicata effect. Farquhur v. United States, C/A No. 1:07cv1033, 2007 WL 4233492, at *2 (E.D. Va. Nov. 28, 2007) (citing Williams v. United States, 50 F.3d 299, 304 (4th Cir. 1995)). However, in Roland, the Fourth Circuit affirmed the district court's dismissal with prejudice for lack of subject matter jurisdiction when, like in this case, a "statutory provision eliminates judicial review of discretionary decisions made by" an immigration agency. Roland, 850 F.3d at 628.