# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# ORANGEBURG DIVISION

| | |
|---|---|
| Robert John Polfliet and Masato Kimiki, ) | |
| ) | Civil Action No.: 5:16-cv-03358-JMC |
| Plaintiffs, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| Leon Rodriguez, Director, U.S. Citizenship ) | |
| & Immigration Services, and Loretta Lynch, ) | |
| Attorney General of the United States,[1] ) | |
| ) | |
| Defendants. ) | |

This matter is before the court on Plaintiffs Robert John Polfliet and Masato Kimiki's ("Plaintiffs") Motion to Reconsider, arguing the court committed clear errors of law that "create a substantial danger of manifest injustice" in granting Defendants Leon Rodriguez, Director of the United States Citizenship and Immigration Services ("USCIS"), and Loretta Lynch's, Attorney General of the United States, (together "Defendants") Motion to Dismiss (ECF No. 6). (ECF No. 24 at 2.) For the reasons that follow, the court **DENIES** Plaintiffs' Motion to Reconsider (ECF No. 24).

## I. FACTUAL AND PROCEDURAL BACKGROUND

The court adopts its prior recitation of the facts from its September 28, 2017 Order ("Dismissal Order") (ECF No. 22) granting Defendants' Motion to Dismiss. *Polfliet v. Rodriguez*,

---

[1] Pursuant to Federal Rule of Civil Procedure 25(d), James McCament is substituted for Leon Rodriguez as a named Defendant because McCament is the Acting Director of the United States Citizenship and Immigration Services. USCIS, https://www.uscis.gov/about-us/leadership/james-mccament-acting-director-us-citizenship-and-immigration-services (last visited Sept. 28, 2017). Additionally, pursuant to Rule 25(d), Jeff Sessions is substituted for Loretta Lynch because he was sworn in as the 84th Attorney General of the United States on February 9, 2017. U.S. Dept. of Just., https://www.justice.gov/ag/staff-profile/meet-attorney-general (last visited Sept. 28, 2017).

1

No. 5:16-cv-03358-JMC, 2017 WL 4348521 (D.S.C. Sep. 28, 2017). In Counts One and Four of Plaintiffs' Complaint (ECF No. 1), Plaintiffs alleged that application of the Adam Walsh Act[2] to Kimki's immigrant visa was arbitrary and capricious (Count One) and improperly retroactive (Count Four) under the Administrative Procedure Act ("APA"), 5 U.S.C. §§ 701-706. (ECF No. 1 at 4-5, 6-7.) In its Dismissal Order, the court found that under § 1155,[3] the decision to revoke an immigrant visa is discretionary, and therefore, under § 1252(a)(2)(B)(ii)[4] and *Roland v. United States Citizenship & Immigration Servs.*, the court "lack[ed] jurisdiction to review the USCIS's decision to revoke Kimiki's immigrant visa, and . . . Defendants are entitled to dismissal of Counts One and Four pursuant to [Fed. R. Civ. P.] 12(b)(1)." (ECF No. 22 at 12.) *See Roland v. United States Citizenship & Immigration Servs.*, 850 F.3d 625, 629 (4th Cir. 2017) ("Pursuant to 8 U.S.C. § 1252(a)(2)(B)(ii), 'no court shall have jurisdiction to review' certain discretionary decisions made by the USCIS, which here includes the no-risk determination. Therefore, the district court lacked jurisdiction to review that determination.") (citation omitted). In Counts Two and Three of Plaintiffs' Complaint, Plaintiffs alleged that application of the Adam Walsh Act to Kimiki's immigrant visa violated Plaintiffs' procedural due process rights protected by the Fifth Amendment to the United States Constitution. (ECF No. 1 at 6.) In its Dismissal Order, the court

---

[2] The Adam Walsh Child Protection and Safety Act of 2006 is codified at 42 U.S.C. §§ 16901-16997. It is referred to throughout this order as the "Adam Walsh Act."

[3] Section 1155 provides that "[t]he Secretary of Homeland Security may, at any time, for what he deems to be good and sufficient cause, revoke the approval of any petition approved by him under section 1154 of this title." 8 U.S.C. § 1155. "Such revocation shall be effective as of the date of approval of any such petition." *Id.*

[4] Section 1252(a)(2)(B)(ii) states in relevant part that ". . . regardless of whether the judgment, decision, or action is made in removal proceedings, no court shall have jurisdiction to review— . . . any . . . decision or action of the Attorney General or the Secretary of Homeland Security the authority for which is specified under this subchapter to be in the discretion of the Attorney General or the Secretary of Homeland Security, other than the granting of relief under section 1158(a) of this title." 8 U.S.C. § 1252(a)(2)(B)(ii).

found § 1252(a)(2)(D)[5] "require[d] Plaintiffs to raise their procedural due process claims in the [United States] Fourth Circuit [Court of Appeals] . . . and, therefore, this court does not have jurisdiction to review these due process claims." (ECF No. 22 at 12-13.) As a result of these findings, the court granted Defendants' Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(1) and dismissed Plaintiffs' Complaint with prejudice in accordance with *Roland*.[6] (*Id.* at 13.)

Plaintiffs now request the court reconsider its Dismissal Order for several reasons. First, Plaintiffs argue the court's Dismissal Order "directly conflicts with an earlier, reported decision from the United States District Court for the District of South Carolina": *Nat'l Collegiate Recreation Servs. v. Chertoff*, 447 F. Supp. 2d 532 (D.S.C. 2006). (ECF No. 24 at 2.) Second, Plaintiffs argue "the language of section 1252(a)(2)(D) does not require all constitutional claims to be brought in a petition for review, and even if it did, [under 1252(a)(2)(D),] Plaintiffs can only file a petition for review of final order of removal and there is no final order of removal here." (*Id.* at 4.) Plaintiffs contend,

> [T]he plain language of section 1252(a)(2)(D) preserves circuit court jurisdiction over constitutional claims 'raised upon a petition for review.' It is a savings clause for claims brought in a petition for review; it is not a jurisdictional mandate or limitation on claims under the [APA]. This [c]ourt has jurisdiction to review Plaintiffs['] constitutional claims under 28 U.S.C. § 1331 through the APA because this is a 'final agency action for which there is no other adequate remedy in a court.' 5 U.S.C. § 704.

---

[5] Section 1252(a)(2)(D) states, "Nothing in subparagraph (B) or (C), or in any other provision of this chapter (other than this section) which limits or eliminates judicial review, shall be construed as precluding review of constitutional claims or questions of law raised upon a petition for review filed with an appropriate court of appeals in accordance with this section." 8 U.S.C. § 1252(a)(2)(D).

[6] "[I]n *Roland*, the Fourth Circuit affirmed the district court's dismissal with prejudice for lack of subject matter jurisdiction when, like in this case, a 'statutory provision eliminates judicial review of discretionary decisions made by' an immigration agency. *Roland*, 850 F.3d at 628." (ECF No. 22 at 13 n.11.)

(*Id.* at 4-5.) Plaintiffs further assert that because "there is no final order of removal [in this case,] th[e] [c]ourt's holding prevents Plaintiffs from making a constitutional claim in any court; this result clashes with the clear language of section 1252(a)(2)(D)[,] which protects and preserves jurisdiction to review such claims." (*Id.* at 5-6.)

In their Response (ECF No. 25) to Plaintiffs' Motion, Defendants contend Plaintiffs previously raised their first argument in their Opposition to Defendants' Motion to Dismiss (ECF No. 11 at 2-4). (ECF No. 25 at 6.) Thus, Defendants maintain the court should reject Plaintiffs' first argument, as reassertion of previously disposed arguments is not permitted on a motion for reconsideration. (*Id.*) As to Plaintiffs' second argument, Defendants assert "Section 1252(a)(2)(D) provides 'a limitation on the broad jurisdiction stripping provisions' under Section 1252(a)(2)(B) . . . and more importantly serves as the '*exclusive* means of judicial review of a legal issue" that would otherwise be precluded from review by 8 U.S.C. § 1252(a)(2)(B)." (ECF No. 25 at 7 (quoting *Roland*, 850 F.3d at 630).) Defendants further assert that, "While [§ 1252(a)(2)(D)] may not provide Plaintiffs with a present chance to raise their claim, they may do so in the event that . . . Kimiki is actually in danger of being removed." (*Id.*)

On March 23, 2018, Plaintiffs filed a Notice of Supplemental Authority in support of their Motion to Reconsider, asserting the United States Court of Appeals for the Fourth Circuit's decision in *Jimenez-Cedillo v. Sessions*, 885 F.3d 292 (4th Cir. 2018) is controlling in this matter. (ECF No. 28 at 2.) Defendants filed their Response to Plaintiffs' Notice of Supplemental Authority (ECF No. 29) on July 30, 2018.

## II. ANALYSIS

In their Motion to Reconsider, Plaintiffs move for reconsideration under both Rules 59(e) and 60(b) of the Federal Rules of Civil Procedure. (ECF No. 24 at 1.) The Fourth Circuit Court

4

of Appeals has "squarely held . . . that a motion filed under both Rule 59(e) and Rule 60(b) should be analyzed only under Rule 59(e) if it was filed no later than 10 days after entry of the adverse judgment and seeks to correct that judgment." *Robinson v. Wix Filtration Corp. LLC*, 599 F.3d 403, 412 (4th Cir. 2010). The court granted Defendants' Motion to Dismiss on September 28, 2017. (ECF No. 22.) Six days later, on October 4, 2017, Plaintiffs filed the instant Motion to Reconsider, seeking correction of the court's decision to grant Defendants' Motion to Dismiss. (ECF No. 24 at 2 ("[T]his [c]ourt should reconsider its reasons for granting the government's motion to dismiss because both holdings are clear errors of law and/or create a substantial danger of manifest injustice.").) Therefore, because Plaintiffs filed their Motion to Reconsider less than ten days after the court granted Defendants' Motion to Dismiss, the court will analyze Plaintiffs' Motion to Reconsider only under Rule 59(e). *Robinson*, 599 F.3d at 412.

"A district court has the discretion to grant a Rule 59(e) motion only in very narrow circumstances: '(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice.'" *Hill v. Braxton*, 277 F.3d 701, 708 (4th Cir. 2002) (quoting *Collison v. Int'l Chem. Workers Union*, 34 F.3d 233, 236 (4th Cir. 1994)). The moving party bears the burden of establishing one of these three grounds in order to obtain relief under this Rule. *Loren Data Corp. v. GXS, Inc.*, 501 F. App'x. 275, 285 (4th Cir. 2012). Generally, "reconsideration of a judgment after its entry is an extraordinary remedy which should be used sparingly." *Pac. Ins. Co. v. Am. Nat. Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998) (quoting 11 Wright et al., Federal Practice and Procedure § 2810.1, at 124 (2d ed. 1995)).

Here, the court will only consider the clear error and manifest injustice prong of Rule 59(e), as Plaintiffs only claim is that the court, in granting Defendants' Motion to Dismiss, committed "clear errors of law [that] create a substantial danger of manifest injustice." (ECF No. 24 at 2.)

First, the court rejects Plaintiffs' first argument that the court committed clear error in granting Defendants' Motion to Dismiss because the court's interpretation of § 1155 "directly conflicts with an earlier, reported decision from the United States District Court for the District of South Carolina": *Nat'l Collegiate Recreation Servs*. (ECF No. 24 at 2.) "A decision of a federal district court judge is not binding precedent in either a different judicial district, the same judicial district, or even upon the same judge in a different case." *Camreta v. Greene*, 563 U.S. 692, 709 n.7 (2011) (quoting 18 J. Moore et al., Moore's Federal Practice § 134.02[1] [d], p. 134–26 (3d ed. 2011)); *Sims v. Colvin*, No. 0:14-1663-MGL-PJG, 2015 WL 5525096, at *3 (D.S.C. Sept. 17, 2015) ("[T]his Court is not bound by the decisions of other district courts."); *United States v. Holmes*, No. 3:10CR102, 2012 WL 2326003, at *3 (W.D.N.C. June 19, 2012) ("This court . . . is not bound by the decisions of other district courts or even the decisions of appellate courts outside the Fourth Circuit. Decisions of other district courts are, however, instructive, and the decisions of appellate courts outside the Fourth Circuit are highly persuasive in the absence of binding authority from the Fourth Circuit or the Supreme Court."). Accordingly, as the court was not bound by *Nat'l Collegiate Recreation Servs.*, the court committed no error in declining to follow that decision.

Furthermore, Plaintiffs' arguments regarding *Nat'l Collegiate Recreation Servs.* are the same arguments Plaintiffs made in their Opposition to Defendants' Motion to Dismiss (ECF No. 11). The court already effectively rejected these arguments by granting Defendants' Motion to Dismiss and interpreting § 1155 differently from the court in *Nat'l Collegiate Recreation Servs.*

6

(ECF No. 22 at 9-12.) Moreover, Plaintiffs are not permitted to use their Rule 59(e) Motion to revive these arguments and "relitigate old matters." *Pac. Ins. Co.*, 148 F.3d at 403 (quoting 11 Wright et al., Federal Practice and Procedure § 2810.1, at 127–28 (2d ed. 1995)).

The court also rejects Plaintiffs' second argument that § 1252(a)(2)(D) does not require all constitutional claims to be brought in a petition for review to the Fourth Circuit; the court has jurisdiction to review Plaintiffs' constitutional claims under the APA; and that because there is no final order of removal in this case, the court's holding dismissing Counts Two and Three of Plaintiffs' Complaint prevents Plaintiffs from making a constitutional claim in any court. (ECF No. 24 at 4-6.)

In *Lee v. United States Citizenship and Immigration Servs.*, the Fourth Circuit found the appellant's argument that his "claim . . . rais[ed] a pure question of law subject to review under § 1252(a)(2)(D)" unavailing because, "Even . . . assum[ing] [appellant]'s challenge raise[d] a reviewable question of law, § 1252(a)(2)(D) does not give [appellant] a jurisdictional bootstrap into district court." 592 F.3d 612, 620 (4th Cir. 2010). Here, Plaintiffs do not seek to use § 1252(a)(2)(D) as a jurisdictional bootstrap into district court for review of their constitutional claims. Instead, Plaintiffs contend the court has jurisdiction over these claims "under 28 U.S.C. § 1331 through the APA because this is a 'final agency action for which there is no other adequate remedy in a court.'" (*Id.* at 5 (quoting 5 U.S.C. § 704).)

However, "The APA 'is not a jurisdiction-conferring statute,'" *Lee*, 592 F.3d at 619 (quoting *Trudeau v. FTC,* 456 F.3d 178, 183 (D.C. Cir. 2006)), "and its judicial review provisions do not apply where 'statutes preclude judicial review,'" *id.* (quoting 5 U.S.C. § 701(a)(1)). Therefore, the constitutional nature of Plaintiffs' claims does not remove them from the reach of [§] 1252(a)(2)(B)(ii), "upon which jurisdiction hinges in this case," and which statutorily prohibits

7

the court from reviewing discretionary decisions by the Director of the USCIS.[7][8] *Roland*, 850 F.3d at 629. *See id.* ("The USCIS has 'sole and unreviewable discretion' to determine whether a petitioner poses no risk, meaning courts lack jurisdiction to review that discretionary decision." (quoting § 1154(a)(1)(A)(viii)(I))). *See also* 1252(a)(2)(B)(ii) (stating "no court shall have jurisdiction to review" certain discretionary actions or decisions by the Attorney General or the Secretary of Homeland Security). Accordingly, as the court found in its Dismissal Order, "this court does not have jurisdiction to review these due process claims," (ECF No. 22 at 13), and Plaintiffs are therefore not entitled to reconsideration.

### III. CONCLUSION

For the foregoing reasons, the court **DENIES** Plaintiffs' Motion to Reconsider (ECF No. 24).

**IT IS SO ORDERED.**

*J. Michelle Childs*
United States District Judge

September 24, 2018
Columbia, South Carolina

---

[7] Section 1252(a)(2)(B)(ii) prohibits the court from reviewing discretionary decisions by the Attorney General or the Secretary of Homeland Security. The authority to administer the Immigration and Nationality Act has been delegated to the United States Department of Homeland Security and sub-delegated to the USCIS. 8 U.S.C. § 1103(a)(1); 8 C.F.R. § 2.1.

[8] Because the court has found jurisdiction in this case hinges on § 1252(a)(2)(B)(ii), the supplemental authority submitted by Plaintiffs—the Fourth Circuit's decision in *Jimenez-Cedillo*—is inapposite in this matter, as it does not nullify 1252(a)(2)(B)(ii)'s prohibition of judicial review of discretionary decisions by the Attorney General and/or the Secretary of Homeland Security. *See Jimenez-Cedillo*, 885 F.3d at 294 (holding the Board of Immigration Appeals' reversal of position on whether sexual solicitation of a minor constitutes a crime involving moral turpitude, without explaining its reasoning, was arbitrary and capricious).